Dickson, J.
The defendant demurs to the petition for the reason that the same does not state facts sufficient to constitute a cause of action and for the reason that this court has no jurisdiction of the subject-matter.
Plaintiff recites that she is the divorced wife of Wilbur IT. Murray, deceased, late of Hamilton county, Ohio; that Charlotte Murray is the second wife of the said Wilbur H. Murray; that Charlotte Murray is the administratrix of his estate by virtue of appointment and. qualification in the probate court of *608 this county;' that by virtue of proceedings had in the Campbell circuit court in Kentucky she obtained a decree of divorce against the said Wilbur IT. Murray and an order for alimony for the support of herself and certain children, issue of that marriage. Plaintiff asks that this court compel said Charlotte Murray as such administratrix to allow, as a preferred claim, certain arrearages in alimony adjudged as past due by the order of the Kentucky court.
It does not appear that any proceeding to enforce in any way in this.state the decree for alimony obtained in Kentucky was had.
Whenever credit is extended to any one, it is done on the faith that the debt will be paid. But every person who extends credit is bound to take notice that in the event of death there are always certain liens entitled in law to a preference, such as funeral expenses, expenses of last sickness, and of administration; also, allowance for widow for first year’s support; also, debts entitled to preference under the laws of the United States; also, public rates and taxes; also, wages due laborers. Any one extending credit is also bound to know the decrees and proceedings of the courts had in the county and state of the residence of deceased; also, matters in such county requiring a record. But such a creditor is not required to know the decrees and the proceedings and the records of foreign jurisdiction, and he is not bound thereby.
It would be unjust to allow this claim as a preferred claim. This claim to bind property here as a preferred claim should have been asserted in this jurisdiction before the death.
The plaintiff is without remedy except as a general creditor. Demurrer sustained.